IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

James Benjamin Winke,                       Case No.  15-02080-als7

         Debtor(s)                                 Chapter 7

**MEMORANDUM OF DECISION**
**(date entered on docket: May 26, 2016)**

Before the Court are the Chapter 7 Trustee's ("Trustee") objection to Debtor's claim of exemption in real property and the Debtor's resistance. The Court has jurisdiction of this matter under 28 U.S.C. sections 157(b)(1) and 1334. For the reasons stated here the Debtor's objection is overruled and the Trustee's Objection to Debtor's Claim of Exemption is granted.

DISCUSSION

James B. Winke ("Debtor") filed a voluntary chapter 7 petition on October 7, 2015. Schedule A reflects property identified as a homestead, located at 2614 Park Place in Burlington, Iowa, valued at $280,000. This asset is claimed as exempt on Schedule C for its full value. A mortgage in the amount of $135,000 against this property appears on Schedule D. The Trustee filed an objection asserting that the pre-existing debt exception under Iowa law applies to the claimed homestead exemption. The parties do not dispute the facts and the Court relied upon the Debtor's exhibits in making the following findings:

1. On March 13, 1997, the Debtor and his spouse purchased a home in a sub-division in Burlington, Iowa called Pheasant Run. This house was sold on July 15, 2008 for $203,900. According to the HUD statement the Winkes received net proceeds in the amount of $35,318.17[1] at closing. On June 2, 2008, the Winkes received a warranty deed for their new homestead located on Diamond Ridge Drive in Burlington, Iowa.

2. On October 9, 2009, Alliance Energy Services, LLC obtained a judgment in Platte County, Missouri, jointly and severally against the Debtor and Progas LP and Supply, Inc. in the amount of $926,563.93 for failure to take delivery of propane under Confirmation Transactions entered into between the parties for the time period of March 12, 2008 through July 18, 2008.

3. Christa Winke transferred her interest in the Diamond Ridge Drive homestead to the Debtor by quit claim deed dated February 28, 2014.

4. On March 17, 2014, the Debtor sold the Diamond Ridge Drive home for the price of $515,000. The HUD statement for the closing reflects net proceeds to the Seller in the amount of $59,260.28. On this same date, the Debtor purchased his third homestead located on Park Place in Burlington, Iowa. The HUD statement for the Park Place home reflects the following information: a purchase price of $280,000; a mortgage against the property in the amount of $224,000 and a cash payment by the Debtor in the amount of $54,322.05.

5. On June 5, 2015, a second judgment, by default and in favor of Alliance Energy was entered in the amount of $333,887.00 against Progas LP and Supply, Inc. and the Debtor in Platte County, Missouri, for failure to take delivery of propane under the contracts entered into between the parties and for failure to make payments on the account(s) for the time period of July through October 2013.

---

[1] This amount is lower than the estimated $80-90,000 figure contained in the Debtor's Response to the Trustee's Objection (docket number 19).

6.      Based upon the record it appears that neither of the judgments entered in Platte County, Missouri were transcribed to Des Moines County Iowa where Burlington is located.

Iowa has opted out of the federal exemption provisions and its residents must utilize state law exemptions in bankruptcy. *See* Iowa Code § 627.10 (2015). Iowa Code Chapter 561 governs homestead exemptions which are liberally construed to afford the intended benefit. *In re Estate of Waterman*, 847 N.W.2d 560, 567 (Iowa 2014). Iowa Code section 561.16 states "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." (2015). A statutory exception to the homestead exemption exists for debts "contracted prior to its acquisition" after applying any other property subject to execution. Iowa Code §561.21(1) (2015). This exception applies in this proceeding based upon the dates the debts were incurred with Alliance Energy. The crux of the parties' disagreement is the value of the Debtor's homestead exemption under Iowa Code section 561.20 which states:

> Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

(2015).

The Debtor argues that the entire value of his current homestead property, $280,000, is exempt based upon the $515,000 sale price of his prior homestead on Diamond Ridge Drive. The Trustee contends that the Debtor's exemption claim is limited to the net proceeds invested in the Park Place property. Historically, Iowa Courts have applied both of the standards cited by the parties to interpret the value of homestead exemptions subject to the antecedent debt exception. *See Am. Av. Bank of Marengo v. Willenbrock*, 228 N.W. 295, 300 (Iowa 1927) (actual value of the property is established

by the total sale price) *but see, Millsap v. Faulkes*, 20 N.W.2d 40, 42 (Iowa 1945) (net proceeds, not gross sales price, establishes the appropriate exemption value).

*In re White,* 293 B.R. 1 (Bankr. N.D. IA 2003) and *In re Wasteney*, No. 02-03910, slip. op, 2004 WL 5851525 (Bankr. S.D. Iowa August 11, 2004) are cited by the Debtor in support of his position. In both of those cases the debtors did not use proceeds from the sale of their prior homesteads to invest in a new home. The holding in *White* does not stand for the proposition that the value of the new homestead is based upon the sale price of the immediately preceding homestead as Debtor suggests. The *White* opinion stated that the:

> Debtor changed her homestead from Heather Lane to Manor Street under sec. 561.20. Previously, she had changed homesteads from Cardinal Drive to Heather Lane, and earlier from Boulder Drive to Cardinal Drive. Debtor has provided the Court with the assessed value amounts for all these properties. The Manor Street property is assessed lower than the previous homesteads. The Credit Union has not refuted these values. Thus, Debtor's homestead right was "acquired" in 1975 with her first homestead purchase, and the following changes in homestead continued that right into the Manor Street property. As the Credit Union's unsecured claim does not predate the original homestead acquisition, it may not be enforced against any of the subsequent homesteads, including the Manor Street property.

*In re White,* 293 B.R. 1, 7 (Bankr. N.D. IA 2003). Applying the *White* analysis in this case would result in an exemption value in the amount of $203,900 for the Park Place homestead which is the amount was established by the Pheasant Run homestead. *See id.*

The ruling issued in the *Wasteney* case noted that the statutory language contained in Iowa Code section 561.20 allows an owner to change homesteads and reinvest proceeds to purchase a new homestead, but does not prescribe a method to accomplish these rights. In 2012 the Eighth Circuit Court of Appeals issued a decision that interpreted the language appearing at Iowa Code Section 561.20. *Walters v. Bank of the West (In re Walters)* held that Iowa law "limits the 'new homestead' exemption to cases where, in the words of the statute, '*a new homestead has been acquired with the*

*proceeds of the old'*." 675 F.3d 1142, 1144 (8th Cir. 2012) (emphasis added). This holding supports the Trustee's argument in support of the objection to the Debtor's homestead exemption and is binding on this Court. *See In re Shirley*, 472 B.R. 19, 21 (8th Cir. B.A.P. 2012). Accordingly, the value of Debtor's homestead exemption is the amount of the net proceeds he received from the sale of Diamond Ridge Drive which were used to obtain the Park Place property.

It is hereby ORDERED that:

1. The Trustee's objection to the homestead exemption is sustained.

2. The Debtor's homestead exemption in the Park Place property is valued at $54,332.05.

3. The Trustee's remedies are limited by the qualifying language that appears at Iowa Code section 561.21(1).

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case